*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANIQUA MORGAN as Next Friend of TM, a Minor,

        Plaintiff-Appellant,

v

FORD MOTOR COMPANY and ADIENT US, LLC,

        Defendants-Appellees,

and

LEAR CORPORATION, BROSE NORTH AMERICA, INC., and MAGNA INTERNATIONAL OF AMERICA, INC.,

        Defendants.

UNPUBLISHED
August 17, 2023

No. 362260
Macomb Circuit Court
LC No. 2021-004257-NP

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

REDFORD, P.J. (*dissenting*).

I respectfully dissent.

I do not believe the trial court was clearly erroneous when it concluded defendant Ford Motor Company's previous national counsel, who represented defendant for 25 years in product liability actions involving seat back failure, had represented defendant Ford in matters substantially related to plaintiff's claims, and as such, he, and he alone, was disqualified from representing plaintiff in her claims.

In reaching this conclusion, the trial court wrote:

In *Alpha Capital Mgt, Inc v Rentenbach*, 287 Mich App 589, 604-605; 792 NW2d 589 (2010), the court stated:

-1-

[A]ttorney's obligation to a former client derive from the principle that the attorney's duties of loyalty and confidentiality continue even after an attorney-client relationship concludes. But under the common law and pursuant to the rules of professional responsibility, the continuing duties of loyalty and confidentiality apply only to matters in which the new client's interests qualify as both adverse to those of the former client and substantially related to the subjects of the attorney's former representation. Michigan Rule of Professional Conduct 1.9(a) embodies these concepts as follows: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."

A number of courts around the country have examined the circumstances under which an adverse subsequent representation may be deemed substantially related to legal services done for a former client. Most commonly, courts have adopted a three-part test set forth in *INA Underwriters Ins Co v Nalibotsky*, 594 F Supp 1199, 1206 (ED Pa, 1984):

> 1. What is the nature and scope of the prior representation at issue?
>
> 2. What is the nature of the present lawsuit against the former client?
>
> 3. In the course of the prior representation, might the client have disclosed to his attorney confidences which could be relevant to the present action? In particular, could any such confidences be detrimental to the former client in the current litigation?

In the instant matter, plaintiff acknowledges Dawson's representation of her in this matter would be materially adverse to defendant Ford. Consequently, the only issue is whether Dawson's prior representation of defendant Ford is substantially related to his representation of plaintiff in this matter.

Dawson's biographical information indicates his career as a defense attorney has embraced "extremely complex matters in the areas of product liability (automotive and other)" including having "served as national counsel for automotive companies on cases involving . . .seat back failure".

Roger A. Burnett's affidavit states he is an automotive engineer and has been employed by defendant Ford since 1992. He is currently a technical leader in the Design Analysis Department. Burnett's job responsibilities include providing

assistance to outside counsel defending seat design cases. He has personally worked with Dawson defending defendant Ford in seat performance litigation during which Dawson received privileged and confidential information regarding defense strategies, proprietary documents, selection and preparation of witnesses, discussions with engineers, seat design and seat inspections. Burnett avows plaintiff's complaint mirrors the same defect allegations asserted in other cases that Dawson defended while in defendant Ford's employ. Dawson's knowledge and experience gained while in defendant Ford's employ would prejudice defendant Ford in this matter.

Dawson's affidavit concedes defendant Ford previously retained him to defend against various matters including seat design defect claims in cars, vans and SUVs. He last worked for defendant Ford in 2014. Dawson declares the Gen 2 seat design at issue in this matter is not a design that he ever defended for defendant Ford; he denies ever seeing the Gen 2 seat design or any documents associated with it while he represented defendant Ford.

Plaintiff's complaint alleges defendant Ford "failed to incorporate *available alternative* front seats and front seat components into the subject vehicle" and that "*alternative* designs . . .were available, feasible and reasonable". ¶¶ 19e and 22; see also ¶ 24. Plaintiff's complaint makes similar allegations against defendant Lear (¶¶ 29e, 32 and 34), defendant Brose (¶¶ 393, 42 and 44), defendant Adient (¶¶ 49e, 52 and 54) and defendant Magna (¶¶ 59e, 62 and 64). [Emphasis added.]

Significantly, design of the Gen 2 seat would have derived from and relied on defendant Ford's prior seat designs, which Dawson did provide defenses against negligence claims for defendant Ford.

Because counsel was previous national counsel in the defense of seat back failure litigation for 25 years, he was involved in if not lead discovery, trial strategy, case assessment, settlement negotiations, and trial; the fact that the specific component of the vehicle which is alleged to have failed was not one of the specific components of the vehicles for which counsel previously defended his former clients is not outcome-determinative of whether or not the litigation and issues are substantially related to the instant claims.

Because the trial court's conclusion was not clearly erroneous, I would affirm the trial court.

/s/ James Robert Redford

-3-